UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| LARRY E. STARKS, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:20-cv-00055-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| H. ALLEN BEARD, JR., | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Larry E. Starks, Jr. is a federal prisoner currently confined at the Federal
Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky.  Proceeding without an
attorney, Starks previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2241.  [R. 1.]  On May 19, 2020, this Court entered an Order denying Starks' motion for leave
to proceed *in forma pauperis* and directing Starks to pay the $5.00 filing fee within 30 days,
warning that his petition would be dismissed without prejudice if he failed to do so.  [R. 5.]

On June 29, 2020, Starks filed a motion styled as a "motion to strike § 2241 petition with
leave to amend § 2241 petition."  [R. 6.]  In his motion to strike, Starks claims to have complied
with the Court's prior Order directing payment of the filing fee, attaching a copy of a Request for
Withdrawal of Inmate's Personal Funds requesting that $5.00 be paid from his inmate account to
the Clerk of this Court.  [R. 6-2.]  However, the Request is not signed by either Starks, the
Approving Official, or the Deposit Fund Tech, thus it is unclear whether Starks' request was
properly submitted.  Moreover, over two months have now passed since Starks claimed to have
requested payment and the Court has yet to receive payment of the filing fee.  Thus, despite his

claim to the contrary in his motion to strike, Starks has yet to pay the $5.00 filing fee.  This reason alone justifies dismissal of his petition without prejudice for failure to comply with the Court's prior Order.

Even so, the Court has conducted an initial review of Starks' claims for relief pursuant to 28 U.S.C. § 2243.  *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

For clarification, after filing his original petition [R. 1], Starks filed a motion styled as a "motion to strike § 2241 petition with leave to amend § 2241 petition," requesting that the Court allow him to "strike the arguments in his current Petition with leave to amend and modify the § 2241 Petition with a new argument that has a more fruitful chance of not being barred by *Hill v. Masters*."  [R. 6.]  Although he initially failed to tender a proposed amended petition (as is required when seeking leave to amend a pleading), he has now done so.  [R. 7.]  Because Starks' petition has not yet been served on the Respondent, he is entitled to amend his pleading once as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).  Thus, the Court will grant Starks' motion to file an amended petition.  Starks' amended petition [R. 7] replaces his original petition [R. 1] and is now the operative pleading in this action.  *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013)  ("An amended complaint supersedes an earlier complaint for all purposes.").

**I**

In August 2009, Starks was charged in an Indictment issued by a grand jury in the United States District Court for the Central District of Illinois with one count of knowingly and intentionally attempting to manufacture a mixture or substance containing 5 or more grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). *United States v. Larry Starks*, 3:09-cr-30070-SEM-TSH-1 (C.D. Ill. 2009) at R. 6. On December 18, 2009, the Government filed a notice of Starks' multiple prior felony drug convictions, including for possession of methamphetamine manufacturing chemicals, possession/manufacture of methamphetamine and possession of heroin, unlawful possession of methamphetamine precursor, and methamphetamine manufacture, methamphetamine precursors and possession of methamphetamine. *Id*. at R. 11. Also in December 2009, pursuant to a plea agreement with the Government, Starks pled guilty to the single count of the Indictment. *Id*. at R. 12.[1] On July 26, 2010, Starks was sentenced to a term of imprisonment for 236 months. *Id*. at R. 23. Starks did not appeal his conviction or sentence.

On December 9, 2010, Starks filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, raising challenges to the amount of drugs charged in the indictment; the validity of his arrest; ineffective assistance of counsel; and the validity of the judgment. *Larry E. Starks, Jr. v. United States*, 3:10-cv-3323-RM (C.D. Ill. 2010). In its Motion to Dismiss Starks' § 2255 motion, the Government argued that Starks had waived his right to collaterally attack his conviction, relying on a provision of the plea agreement providing that Starks:

> knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution,

---

[1] Starks filed a *pro se* motion to withdraw his guilty plea, *id*. at R. 20, but subsequently filed a motion to withdraw this motion, which the Court granted. *Id*. at R. 21.

> in any collateral attack, including, but not limited to, a motion brought under Title
> 28, United States Code, Section 2255.  The defendant acknowledges and agrees
> that the effect of this waiver is to completely waive any and all rights and ability
> to appeal or collaterally attack any issues relating to his conviction and to his
> sentence so long as the sentence is within the maximum provided in the statutes of
> conviction.

*Id*. at R. 7 at 2 (quoting the Plea Agreement docketed at R. 14 in *United States v. Larry Starks*, 3:09-cr-30070-SEM-TSH-1 (C.D. Ill. 2009)).  The Court granted the Government's motion to dismiss Starks' petition, finding that Starks' claims were barred by the waiver in his plea agreement and there is no legitimate reason to suspect that his waiver of his collateral attack rights was either involuntary or the result of ineffective assistance of counsel.  *Id*. at R. 19. Starks has since filed a flurry of motions seeking relief from the Court's denial of his § 2255 petition, both in that case, his criminal case, and with the United States Court of Appeals for the Seventh Circuit, but none have been successful.

Starks has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that is entitled to relief from his sentence because the enhancement of his sentence pursuant to the Career Offender provisions of the United States Sentencing Guidelines (specifically, U.S.S.G. § 4B1.2(b)) violates the separation of powers principles of the United States Constitution.  According to Starks, "the sentencing Court invoked the Career Offender Enhancement on the basis that his instant offense for attempted manufacture of methamphetamine qualified as a Controlled Substance Offense under § 4B1.2(b)."  [R. 7 at 1.] Starks then relies on the decision by the United States Court of Appeals for the Sixth Circuit in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), and argues that a "controlled substance offense" for purposes of the Career Offender provisions of the Sentencing Guidelines does not include "attempt" crimes, such as his attempt to manufacture methamphetamine offense.  Thus,

he claims that he is currently in custody unlawfully.  However, the Court must deny relief because Starks' claim is not cognizable in a § 2241 habeas corpus petition.

## II

As an initial matter, as with Starks' § 2255 petition, Starks' § 2241 petition is barred by the collateral attack waiver provision of his plea agreement.  In his plea agreement, Starks agreed to plead guilty and to waive "his right to challenge any and all issues relating to his plea agreement, conviction and sentence…in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255." *Larry E. Starks, Jr. v. United States*, 3:10-cv-3323-RM (C.D. Ill. 2010) at R. 7, at 2 (quoting the Plea Agreement docketed at R. 14 in *United States v. Larry Starks*, 3:09-cr-30070-SEM-TSH-1 (C.D. Ill. 2009)).  Such waivers are enforceable and apply to proceedings under § 2241.  *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)).  Starks is therefore barred from challenging his conviction or sentence in this proceeding.  *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Even absent his plea agreement waiver, Starks is still not entitled to relief.  A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255.  *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition).  A § 2241 petition may not be used for this purpose because it does not function as an additional or

alternative remedy to the one available under § 2255.  *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).  A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief.  *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review...").  Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense.  *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).  However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief."  *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)

Here, Starks challenges the enhancement of his sentence pursuant to the Career Offender provisions of the Sentencing Guidelines.  The decidedly narrow scope of relief under § 2241

applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit further expressly limited its decision in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599. Finally, the Sixth Circuit has made it clear that the retroactive case of statutory interpretation upon which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Starks does not meet the foregoing requirements. First, Starks was sentenced in 2010 well after the Supreme Court's decision in *Booker* made the Sentencing Guidelines advisory rather than mandatory. On this basis alone, Starks' claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed

under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Nor has Starks identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required. *See Hill*, 836 F.3d at 600. Instead, Starks relies on the Sixth Circuit's decision in *Havis* which is, of course, not a Supreme Court decision. In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added).

Finally, Starks has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. For that matter, he could have raised his challenge to his Career Offender enhancement in any of the multiple post-conviction motions for relief that he has filed in the Court that sentenced him. Because Starks cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

For all of these reasons, Starks does not fall within the limited exception recognized by *Hill* and *Wright*, and, therefore, he may not challenge his sentence in this § 2241 proceeding.

8

Accordingly, the Court hereby **ORDERS** as follows:

1.      Starks' "motion to strike § 2241 petition with leave to amend § 2241 petition" [**R. 6**] is **GRANTED**.

2.      Starks' proposed amended petition **[R. 7]** is now the operative pleading in this action.

3.      Starks' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 7]** is **DENIED**.

4.      Any pending request for relief is **DENIED AS MOOT**.

5.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

6.      A corresponding Judgment will be entered this date.

This the 31st day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge